IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DON JUAN STAPLES, BEY,

     Plaintiff,

vs.                               CIVIL ACTION NO. 2:23-CV-00400

H. CHILDRESS, Badge 147,
MATT HILL,
OFFICER DABER, Badge 152,
T. HARPER, Badge 6421,
D.O. NIKOCEVIC,
TAYLOR K-9,
CHARLESTON POLICE DEPARTMENT,
EMMETT C. PETRY,
COPLEY GARAGE, INC.

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are *The City of Charleston Defendants' Motion to Dismiss*[1] and its accompanying *Memorandum in Support of The City of Charleston Defendants' Motion to Dismiss* (ECF Nos. 10, 11) and *Defendants Emmett C. Petry and Copley Garage, Inc.'s Motion to Dismiss Plaintiff's Complaint* and *Defendants Emmett C. Petry and Copley Garage, Inc.'s Memorandum in Support of Motion to Dismiss Plaintiff's Complaint* (ECF Nos. 16, 17). By Administrative Order entered on May 23, 2023, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2) Having examined the *Complaint*

---

[1] These Defendants include H. Childress, Matt Hill, Officer Daber, T. Harper, D.O. Nikocevic, Taylor, and the Charleston Police Department.

and its attached Exhibits (ECF Nos. 1, 1-2, 1-3)[2], including the Plaintiff's proposed "Amended Complaint and Memorandum of Law in Support" and its accompanying "Commercial Affidavit" (ECF Nos. 14-1, 14-2), the additional pleadings of record and pertinent legal authority, the undersigned has concluded that the foregoing ***Motions to Dismiss*** should be **GRANTED** for the reasons stated *infra*:

**Plaintiff's "Factual Allegations"**[3]

The Plaintiff has filed a complaint against the Defendants under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242, 245. (ECF No. 1) The Plaintiff alleges that on January 20, 2023, while driving in his vehicle, Defendant Childress initiated his emergency lights and signaled to the Plaintiff to pull over, which he did. (Id. at 2) Defendant Childress advised the Plaintiff that he stopped him because he had an incorrect license plate, and asked for the Plaintiff's driver's license and registration, which the Plaintiff presented. (Id.) Defendant Childress returned to his cruiser with the Plaintiff's "travel documents and vessel insurance" and then went back to the Plaintiff accompanied by Defendant Hill. (Id.) Defendant Hill advised the Plaintiff to step out of the vehicle. (Id.) The Plaintiff tried to explain that "he was traveling as a Moorish American National Indigenous Aboriginal American" but was ignored. (Id.) Defendant Hill advised that he smelled marijuana and asked the Plaintiff if there was marijuana in his vehicle or if he had a medical marijuana license. (Id.) The Plaintiff states that "under duress", he "stepped out of the vessel and

---

[2] The exhibit (ECF No. 1-2) filed with the Plaintiff's Complaint has no apparent relation or connection to the allegations against the Defendants, accordingly, the undersigned declines to address it at length.

[3] The undersigned summarizes the narrative of the events contained in Plaintiff's original Complaint and proposed "Amended Complaint" as he provided a few additional details in the latter pleading, otherwise, however, the proposed amended version of the Plaintiff's allegations adds nothing of substance or significance to his initial allegations. Indeed, the Plaintiff states it merely "accounts for the specific conduct violating the plaintiff's right, the time, and the place of that conduct, and the identity of the responsible party(ies)." (ECF No. 14-1 at 1)

attempted to provide Defendants Hill and Childress with his paperwork", but they "continued to violate [his] human rights." (Id.) Defendant Childress then searched the Plaintiff's vehicle and stated he found cocaine, handcuffed the Plaintiff and put him in the rear seat of the cruiser. (Id.) The Plaintiff also alleges that Defendant Childress found a .38 special handgun that is registered to the Plaintiff's spouse. (ECF No. 16-1 at 4, ¶14) The Plaintiff states he sat in the cruiser for thirty minutes until Defendant Daber arrived with a test kit "which deprived Plaintiff of his rights under the Constitution or laws of the United States." (ECF No. 1 at 2) While waiting on the test kit, the Plaintiff's wife arrived in her own vehicle and spoke with Defendant Hill, who advised her not to interfere with the traffic stop and go home, which she did. (Id.)

The Plaintiff states that he was released after approximately fifty minutes, as no drugs were found, and he continued to his final destination. (ECF No. 16-1 at 4, ¶15) The Plaintiff was "relieved" by his release, but did not retrieve his travel documents and proof of insurance. (ECF No. 1 at 2)

On February 8, 2023, the Plaintiff filed a complaint about the traffic stop with the offices of Chief Tyke Hunt and Mayor Amy Goodwin, and having received no response, he sent a second notice of the complaint. (Id.)

On March 9, 2023, "Corporal Brown and Officer Walker or Walton" went to the Plaintiff's house to speak with him, but the Plaintiff was not home at the time. (Id. at 3)

On May 18, 2023, Defendant Copley Garage towed the Plaintiff's vehicle from a handicap parking space on Virginia Street "for reasons unknown." (ECF No. 16-1 at 4, ¶18) The Plaintiff alleges that Defendant Copley Garage "ransacked the automobile, took a registered gun, and contacted the Charleston Police Department." (Id., ¶19)

The Plaintiff states that he was passing by Defendant Copley Garage as a passenger in

3

another vehicle when Defendant Nikocevic pulled them over. (ECF No. 1 at 3) After confirming the Plaintiff's identity, Defendant Nikocevic, along with Defendant Harper, detained him for the events stemming from the January 20, 2023 traffic stop. (ECF No. 16-1 at ¶21) The Plaintiff asserts that Defendant Taylor (K-9) arrived on the scene without consent or search warrant; they then proceeded to Defendant Copley Garage along with Defendant Nikocevic to search the Plaintiff's vehicle without consent or search warrant. (Id. at ¶23) The Plaintiff states that Defendant Harper arrested the Plaintiff and then got a search warrant for his vehicle. (Id. at ¶25) The Plaintiff alleges he was transported to the Defendant Charleston Police Department for arraignment before Magistrate Pete Lopez who set his bond at $5,000.00 "which deprived Plaintiff of his rights under the Constitution or laws of the United States." (Id. at ¶26)

Later in the evening of May 18, 2023, the Plaintiff noticed the arrest warrant was invalid: "[t]he warrant was a criminal complaint not a written affidavit, sworn under oath to a Judge, supported by probable cause and under a Court Seal. All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." (ECF No. 1 at 3, ¶15)

The following day, on May 19, 2023, the Plaintiff spoke with Lt. Davis about the "harassment" he endured by Defendant Childress; Lt. Davis advised the Plaintiff that his vehicle had been released, but Defendant Copley Garage refused to release it without West Virginia registration per the advice of the Charleston Police Department. (Id.) The Plaintiff alleges Defendant Copley Garage still has his vehicle, which prevents the Plaintiff from retrieving his travel documents and identification. (Id.) The Plaintiff also alleges that Defendant Copley Garage "advised the Plaintiff's wife that she would not be able to claim the vehicle with proof of insurance, driver's license and a day pass provided by the WV State Troopers." (ECF No. 16-1 at ¶24)

4

The Plaintiff states that the "Defendants' conduct was under color of state law, as they were acting in their official capacity as an Officer for the Charleston Police Department, and their actions were taken in furtherance of their official duties." (ECF No. 1 at 4) The Plaintiff further asserts that the Defendants' conduct "was intentional, reckless, or malicious, and caused Plaintiff to suffer obstruction of travel, property search, trespass, theft, carjacking, and interference with commerce." (Id.) Additionally, the Defendants' conduct violated the Plaintiff's Second and Fourth Amendment rights. (Id.)

For relief against the Defendants, the Plaintiff asks for compensatory and punitive damages in the amount of $1,630,000.00. (Id.)

## Procedural History

On May 22, 2023, the Plaintiff, acting *pro se*[4], filed his Complaint for Section 1983 relief for violations of his constitutional rights as well as for violations to federal criminal statues 18 U.S.C. §§ 241, 242, 245 for matters concerning a recent a traffic stop, arrest, and having his vehicle towed and impounded. (ECF No. 1) On June 13, 2023, Defendants Childress, Hill, Daber, Harper, Nikocevic, Gaylor,[5] and the Charleston Police Department (hereinafter referred to as "Charleston Defendants") filed their Answer (ECF No. 8), and on June 15, 2023, Defendants Petry and Copley Garage filed their Answer (ECF No. 9)[6].

On June 16, 2023, the Charleston Defendants filed their Motion to Dismiss[7] and

---

[4] Because the Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[5] Defendant Gaylor was misnamed as "Taylor" in the Plaintiff's lawsuit.

[6] The Court allowed these Defendants additional time to respond to the Plaintiff's Complaint (See ECF No. 7).

[7] The Charleston Defendants attached a single exhibit to their Motion: a copy of a criminal complaint from the Magistrate Court of Kanawha County, West Virginia along with an accompanying arrest warrant for the Plaintiff

supporting Memorandum (ECF Nos. 10, 11). On June 26, 2023, the undersigned issued the
<u>Roseboro</u> notice directing the Plaintiff to file his response to the Charleston Defendants' Motion
by July 10, 2023 (ECF No. 13).

On June 26, 2023, the Plaintiff filed his "Motion for Leave to Amend the Complaint and
Memorandum of Law in Support", along with several attachments: "Plaintiff's Amended
Complaint and Memorandum of Law in Support"; "A Security (15 USC) Commercial Affidavit
U.S. S.E.C. Tracer Flag Not a Point of Law"; and a "Proposed Order" (ECF Nos. 14, 14-1, 14-2,
14-3).

On July 14, 2023, Defendants Petry and Copley Garage filed their Motion to Dismiss and
supporting Memorandum (ECF Nos. 16, 17). On July 17, 2023, the undersigned issued another
<u>Roseboro</u> notice directing the Plaintiff to respond to the Motion no later than July 31, 2023 (ECF
No. 18). On July 28, 2023, the Plaintiff filed his "Response to Defendants Emmett C. Petry and
Copley Garage, Inc.'s Motion to Dismiss Plaintiff's Complaint and Memorandum in Support and
Plaintiff's Discovery Request" (ECF No. 23), and another "Response to Defendants Emmett C.
Petry and Copley Garage, Inc.'s Motion to Dismiss Plaintiff's Complaint and Memorandum in
Support and Plaintiff's Discovery Request" which included a "Verified Memorandum in
Opposition to Motion for Summary Judgement" and a "Local Rule of Civil Procedure 7.1 Motion
to Compel Discovery and Memorandum of Law" (ECF No. 24). On August 8, 2023, Defendants
Petry and Copley Garage filed their Reply in Support of Motion to Dismiss Plaintiff's Complaint
(ECF No. 26).

---

concerning a felony offense, alleged to have occurred on or about January 20, 2023 in violation of W. Va. Code § 61-
7-7 "Persons prohibited from possessing firearms"; a copy of the initial appearance paperwork executed by the
Magistrate and the Plaintiff on May 18, 2023; a copy of the criminal bail agreement setting the Plaintiff's bail at
$5,000 or 10%, with a return date to the Magistrate Court of Kanawha County on May 24, 2023. (ECF No. 10-1)

2955fa2dc82fe126

Consequently, the pending Motions in this matter are fully briefed and ready for resolution.[8]

## Charleston Defendants' Argument in Support of Dismissal

These Defendants argue that the Plaintiff's Complaint fails to state a claim entitling him to relief, as it does not set forth what constitutional rights they alleged to have violated. To the extent the Plaintiff asserts a right to interstate travel, the Complaint indicates the Plaintiff, as in-state resident, was only traveling from one city to another within the State. To the extent the Plaintiff alleges a violation of his right to be free from unreasonable searches or seizures arising from the January 20, 2023 traffic stop, the Charleston Defendants note that the Plaintiff was stopped that day because he had a fake license plate in violation of West Virginia law, which he does not deny, or that Defendant Childress lacked probable cause to stop him. Thus, any Fourth Amendment claim the Plaintiff is alleging lacks merit as a matter of law. Regarding the Plaintiff's May 18,

---

[8] While the Plaintiff has titled his "Responses" in opposition to Defendants Petry and Copley Garage's Motion to Dismiss, the undersigned has construed the Plaintiff's "Responses" to include or also be directed to the Charleston Defendants, as well because in addition to the attached "Certificate(s) of Service" wherein the Plaintiff indicates both "Responses" were also served on counsel for the Charleston Defendants, both "Responses" include a "Commercial Affidavit", *supra*, that specifies the following: "THAT NO COMMERCIAL PAPERWORK or COMMERCIAL AFFIDAVITS have been furnished or supplied to me, Don Juan staples, Bey, by H. Childress (Badge 147), Matt Hill, Officer Daber (Badge 152), T. Harper (Badge 6421), D.O. Nikocevic, Taylor (K-9), Charleston Police Department, Emmett C. Petry, Copley Garage, Inc., or any others that created the so-called liability." (See, ECF No. 23 at 4, ¶12; see also Id. at 7, ¶23: "NOTICE is hereby given, and demands made, on all Claimants – H. Childress (Badge 147), Matt Hill, Officer Daber (Badge 152), T. Harper (Badge 6421), D.O. Nikocevic, Taylor (K-9), Charleston Police Department, Emmett C. Petry, Copley Garage, Inc., Michael D. Mullins, and Elise Nicole McQuain and any other involved Parties, that: (a) ALL properties taken unlawfully, removed in violation of commerce, or otherwise converted, sold, or seized by H. Childress (Badge 147), Matt Hill, Officer Daber (Badge 152), T. Harper (Badge 6421), D.O. Nikocevic, Taylor (K-9), Charleston Police Department, Emmett C. Petry, Copley Garage, Inc., or other parties in collusion therewith, be immediately returned IN FULL VALUE ($) PLUS 10% to Don Juan Staples, Bey, the Undersigned Affiant, justly possessing the lawful and legal title thereto[.]" Further, the Plaintiff's "Motion to Compel" asks for discovery (concerning alleged personal items seized during his arrest), and curiously, "evidence, documents, or information" concerning the Charleston Defendants' counsel, Michael D. Mullins' "Oath of Office" and for the "Bond numbers" for each of the named Charleston Defendants. (See ECF No. 24 at 3)

In sum, the foregoing shows that an additional Order directing this Plaintiff to file a separate response to the Charleston Defendants is unlikely to contain any additional information than what the Plaintiff has filed herein, as his responsive pleadings focus primarily on the alleged items seized during his arrest and as a result, has interfered with his business and subjected him to financial losses and emotional distress.

2023 arrest, the Charleston Defendants note he was arrested pursuant to a valid warrant for being a felon in possession of a firearm – further, the Plaintiff does not allege his arrest was constitutionally infirm. Defendant Charleston Police Department is not a suable entity, thus any claims against it fail as a matter of law. The Charleston Defendants further argue that the Plaintiff's claims arising under 18 U.S.C. §§ 241, 242, 245 involve criminal statutes that do not create a private civil cause of action. The Plaintiff has not alleged any facts supporting his claims the Charleston Defendants towed his truck or had anything to do with that. Finally, the Charleston Defendants state that they can only guess what rights the Plaintiff is alleging they violated as his Complaint contains no named counts, but to the extent he has alleged they violated his constitutional rights, the Complaint fails to put these Defendants on notice of same.

### Petry and Copley Garage's Argument in Support of Dismissal

These Defendants note that the Plaintiff's claims arising under 18 U.S.C. §§ 241, 242, 245 involve criminal statutes that do not create a private civil cause of action. Moreover, the Plaintiff's Section 1983 fails because these Defendants are a private individual and private business, and not state actors or acting under color of law. To the extent the Plaintiff alleges these Defendants towed his vehicle, took his firearm and then refused to release the vehicle absent proof of vehicle registration, none of these actions impact his rights to support a Section 1983 action. Finally, the Plaintiff's claims based on his status as a Moorish national are frivolous and cannot sustain an action in the courts.

### Plaintiff's Responses in Opposition

The Plaintiff asks this Court to deny Petry and Copley Garage's Motion to Dismiss. He indicates by his "Commercial Affidavit", among other things, that commercial processes are "non-

judicial" and "pre-judicial" and that "lawful seizures" must be effected by a valid lien. (ECF No. 23 at 3-4) The Plaintiff attests that he is not "chattel" of the government or any person; that slavery is morally wrong and contrary to the "First Precept of Commercial Law" and that he has "no desire" to be a slave of any governmental agency, as he is the "sole and absolute owner" of his own person. (Id. at 4) Regarding each of the named Defendants herein, the Plaintiff further attests that none of them have provided the Plaintiff with any documentation that "created the so-called liability." (Id. at 4-5) The Plaintiff argues that he is "safe from any unwarranted searches/seizures" and "[t]hat any action against [him] must be fully described in writing, issued by a court of law, signed by a judge, and sworn on oath." (Id. at 5) The Plaintiff wants the Defendants to provide their own "Commercial Affidavits of Truth" regarding their interactions with him, and that if they cannot, they will be charged with criminal fraud, theft, conspiracy of extortion, and subject to commercial liens. (Id. at 7)

The Plaintiff disputes that he did not have the proper state registration to reclaim his truck, and that Copley Garage stole it. (ECF No. 24 at 1) He also argues that "summary judgment" is improper at this juncture in the proceedings since discovery has not been completed, there are genuine disputes of material fact (including whether the Plaintiff's "confidential client information was used by defendants to obtain clients for the business they started while still in plaintiff's employ" and "whether plaintiff's confidential client information constitutes trade secrets under West Virginia law." (Id. at 2) The Plaintiff indicates the actions of the Defendants interfered with his business, causing him "significant financial losses and emotional distress", as the Plaintiff alleges he is the "sole director of the plaintiff corporation." (Id. at 3)

The Plaintiff repeats his claims of violations to his rights and his request for damages

against all the Defendants. (Id. at 4)

### Petry and Copley Garage's Reply

These Defendants note that in neither of the Plaintiff's "Responses" does he address the legal arguments set forth in their Motion and Memorandum; the Defendants reassert their arguments in support of dismissal.

### The Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments

10

and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W. Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## Discussion

The undersigned initially notes that the styling and arguments contained in the Plaintiff's filings are suggestive of "sovereign citizen" pleadings[9]; the Defendants have also recognized this in their respective Motions and Memoranda. For instance, the Plaintiff refers to himself as a "Moorish American National Indigenous Aboriginal American", and commits a significant portion of his responsive pleadings to commerce-related arguments and terminology that have no bearing on the issues presented to this Court, with the emphasis being that he cannot be held accountable by any government agency, state or federal, as he possesses "sovereign title" to himself alone (See ECF No. 23 at 4, ¶11). See United States v. Brown, 669 F.3d 10, 19 (1st Cir. 2012)(noting that the

---

[9] See also ECF No. 1-2.

defendant's "belief system appears most akin to the so-called sovereign citizen movement whose proponents believe they are not subject to federal or state statutes or proceedings, reject most forms of taxation as illegitimate, and place special significance in commercial law"); United States v. Mitchell, 405 F.Supp.2d 602, 605 (D.Md. 2005)(explaining arguments by sovereign citizens). The undersigned, therefore, finds that the Plaintiff's sovereign citizen claims are frivolous and should be dismissed. See Smalls v. Sterling, 2017 WL 1957471, * 1 (D.S.C. May 11, 2017)(dismissing sovereign citizen type claims as frivolous); Gaskins v. South Carolina, 2015 WL 6464440, * 4 (D.S.C. Oct. 26, 2015)(collecting cases).

Regarding the Plaintiff's Section 1983 claims, the undersigned finds they amount to nothing more than collateral attacks to the ostensibly current and ongoing charges that had been filed against him in State criminal proceedings in Kanawha County, West Virginia. It is noted that 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally, to state and prevail upon a claim under 42 U.S.C. § 1983, a plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

The undersigned notes that the Plaintiff does not respond or otherwise address any of the Defendants' arguments that he has failed to state a claim entitling him to relief. The undersigned finds that the Plaintiff's silence can be construed as a concession to these arguments. Intercarrier Communications, LLC v. Kik Interactive, Inc., 2013 WL 4061259, at *3 (E.D. Va. Aug. 9, 2013)

(citing <u>Cureton v. U.S. Marshal Serv.</u>, 322 F. Supp. 2d 23, 27 (D.D.C. 2004) ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the case."); see <u>Chamblee v. Old Dominion Sec. Co., L.L.C.</u>, 2014 WL 1415095, at *8 (E.D. Va. Apr. 10, 2014) ("[Plaintiff] did not respond to the arguments made by any of the defendants with regards to Counts IX and X. As a result, [Plaintiff] abandoned these claims.").

By failing to respond in any way to Petry and Copley Garage's arguments for dismissal of the Section 1983 claims against them, the Plaintiff has abandoned them. Accordingly, the undersigned would recommend the Plaintiff's Section 1983 claims against Petry and Copley Garage be dismissed with prejudice. To the extent that the Plaintiff's "Responses" coupled with his Complaint(s) can be construed as some variety of a conversion claim against these private actors, this Court should decline to exercise jurisdiction over same, as there has been no evidence that there is diversity of citizenship to support jurisdiction under 28 U.S.C. § 1332.[10] [11] Additionally, to the extent the Plaintiff is alleging a State law claim for conversion, the undersigned would also recommend this Court decline to exercise supplemental jurisdiction because the

---

[10] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

  (1) citizens of different states;

  (2) citizens of a State and citizens or subjects of a foreign state;

  (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

  (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

[11] Notwithstanding the Plaintiff's claim of being a "Moorish American National Indigenous Aboriginal American", he also claims to be a resident of West Virginia and that all the Defendants herein are also residents of West Virginia.

13

Plaintiff has failed to allege a cognizable federal claim.[12]

      Regarding the Plaintiff's Section 1983 claims against the Charleston Defendants, the undersigned further notes that the Plaintiff similarly does not address their arguments that he failed to allege there was no probable cause for the January traffic stop – or that the warrant for his arrest was constitutionally infirm when he was arrested and arraigned in May. Indeed, the Plaintiff's Section 1983 claims rely entirely on conclusory allegations, as well as outright incorrect assertions of fact: for instance, to the extent the Plaintiff alleges the arrest warrant was "not valid" because it lacked a judge's signature or court seal or concerned an "sworn" affidavit (ECF No. 1 at 3, ¶15), the copy of the criminal complaint and arrest warrant clearly shows that a magistrate signed these documents, having found probable cause "[o]n this complaint, sworn or affirmed before me and signed this date by complainant in my presence[.]" (See ECF No. 10-1 at 2) To state a Section 1983 claim for a seizure in violation of the Fourth Amendment, the defendant must have "seized plaintiff pursuant to legal process *that was not supported by probable cause* and the criminal proceeding [must] have terminated in plaintiff's favor." <u>Burrell v. Virginia</u>, 395 F.3d 508, 514 (4th Cir. 2005)(internal citations omitted)(emphasis added). Clearly, the Plaintiff's Section 1983 seizure claims fail as he does not even allege there was no probable cause for his arrest, or that the criminal proceedings initiated against him in State court terminated in his favor.

      On that note, this Court should abstain from exercising subject matter jurisdiction over Plaintiff's claims based upon the <u>Younger</u>-abstention doctrine. See <u>Younger v. Harris</u>, 401 U.S. 37 (1971). "Under the <u>Younger</u>-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented

---

[12] See 28 U.S.C. § 1367(a).

in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-238 (1984).

The Fourth Circuit has recognized that "Younger abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, (1996). A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The undersigned finds that the Younger abstention doctrine applies here: the Plaintiff clearly alleges ongoing criminal proceedings against him, and as noted supra, appears to invoke this Court's jurisdiction as a means of collateral attack against the State criminal proceedings – the Plaintiff can plead his defense(s) in State court. Despite his conclusory allegations that law enforcement violated his rights, the Plaintiff provides no grounds that support any of the enumerated Nivens exceptions to the Younger mandate: he fails to show improper prosecution against him in State court, or facts supporting a claim for *unreasonable* harassment that comports with the bad faith exception.

Moreover, the Plaintiff's Section 1983 claims consist entirely of "naked assertion[s]" which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570.

Regarding the Plaintiff's claims pursuant to 18 U.S.C. §§ 240, 241, 245, it is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). The violation of a federal criminal statute does not provide for a private cause of action. United States v. Oguaju, 76 F.Appx. 579, 581 (6th Cir. 2003)(finding that the District Court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes); Hester v. West Virginia, 2008 WL 4298471, * 6 (S.D.W.Va.)(stating that "no private right of action can be inferred from 18 U.S.C. §§ 241, 242"); and Powell v. Kopman, 511 F.Supp. 700, 704 (S.D.N.Y. 1981)(stating that 18 U.S.C. § 242, which is the criminal analogue to the Civil Rights Act, does not create a private right of action). Thus, Plaintiff has no right to initiate criminal proceedings against Defendant. See Stoll v. Martin, 2006 WL 2024387, * 2 (N.D. Fla.)(stating that "Plaintiff's complaint fails to state a claim upon which relief can be granted under the criminal statutes 18 U.S.C. §§ 241 and 242, because a private citizen cannot initiate a federal criminal prosecution and

16

because these statutes do not provide a private right of action for damages"); <u>Young v. Herald</u>, 2005 WL 1048117, * 8 (E.D.Ky.)(stating that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors); <u>Kennedy v. Anderson</u>, 373 F.Supp 1345, 1346 (E.D.Okl. 1974)(stating that any charge brought under 18 U.S.C. § 242 "may only be initiated by a federal grand jury or a United States Attorney"); and <u>Dixon v. State of Maryland</u>, 261 F. Supp. 746 (D.Md. 1966)(Prisoner could not institute criminal proceedings against a State or its officers for violation of his rights under the color of law). Furthermore, the Court does not have the authority to direct that an individual be prosecuted. <u>See</u> <u>United States v. Batchelder</u>, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); <u>Inmates of Attica Correctional Facility v. Rockefeller</u>, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney). Based on the foregoing, the undersigned finds that the Plaintiff's claims, to the extent he intends to bring criminal proceedings against the Defendants should be denied, thus, the Plaintiff's claims pursuant to 18 U.S.C. §§ 240, 241, 245 should be dismissed.

Accordingly, the undersigned would recommend that the Plaintiff's Complaint against all the Defendants be dismissed with prejudice.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** *The City of Charleston Defendants' Motion to Dismiss* (ECF No. 10) and *Defendants Emmett C. Petry and Copley Garage, Inc.'s Motion to Dismiss Plaintiff's Complaint* (ECF No. 16) and **DISMISS** the

Plaintiff's Complaint(s) (ECF Nos. 1, 14-1) **WITH PREJUDICE**.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to the *pro se* Plaintiff and to counsel of record.

ENTERED: August 17, 2023.



Omar J. Aboulhosn
United States Magistrate Judge

18